UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHIN-FENG SHAO HSU,

Plaintiff,

v.

FIRST BANK, et al.,

Defendants.

Case No.  20-cv-03634-VC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 11

First Bank's motion to dismiss is granted. Federal question jurisdiction over state law claims exists in only a "special and small category" of cases. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). This is not one of those cases. The dispute does not, for example, involve a substantial question important to the "federal system as a whole," and Hsu does not even attempt to argue that this is the case. *Id.* at 260. Instead, she implies that, simply because her California Business and Professional Code claim is based on a violation of a federal regulation, she has federal question jurisdiction under 28 U.S.C. § 1331. This is incorrect.

This Court also lacks diversity jurisdiction because the complaint, as currently drafted, clearly puts less than $75,000 in controversy. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). Hsu seeks statutory damages, but she can't recover them because California Financial Code 4979 applies to consumer loans, not certificates of deposit (CDs). *See* Cal. Fin. Code § 4970. She also seeks punitive damages, but she has clearly failed to plead fraud or other conduct that would give rise to punitive damages. *See* Cal. Civ. Code § 3294

(requiring oppression, malice, or fraud).[1] *Baker-Olson v. Olson*, 2013 WL 5963094, at *3 (S.D. Cal. Nov. 7, 2013); *see also Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1037-40 (9th Cir. 2004); *Rasidescu v. Midland Credit Management, Inc.*, 435 F. Supp. 2d 1090, 1097-98 (S.D. Cal. 2006); *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015).

Thus, all that remains is the claim for compensatory damages, which not even Hsu contends exceed $75,000. Indeed, the CD is plainly worth less than Hsu claims. The CD purchased on March 1, 2000, matured in 7 months with an annual interest rate of 6.07% and automatic renewal. Thus, it would compound and renew itself every 7 months, not annually. But it would *not* automatically renew at 6.07%. Instead, the renewed account would "be calculated at the interest rate then in effect for time deposits of that Deposit Amount and term" at the bank. *See* Complaint at 24. Thus, the interest rate would adjust every 7 months. Given declining rates in the decades following 2000, compensatory damages are likely far less than the $61,340 to which Hsu alleges she is entitled.[2]

The complaint is thus dismissed for lack of jurisdiction. If Hsu does not believe she can, in good faith, adequately allege an amount in controversy greater than $75,000, she should refile her lawsuit in state court. But she is given leave to file an amended suit in this Court, so long as she can adequately and in good faith allege how the amount in controversy exceeds $75,000. Any amended complaint must be filed within 14 days of this order, and the defendants must respond 14 days after filing. The case management conference currently scheduled for October 6, 2020, is vacated. If Hsu files an amended complaint in this Court, the case management conference will take place on December 15, 2020 at 2:00 p.m., and a case management statement

---

[1] There is no reason to assume (as Hsu apparently does without providing any factual support): that the nondisclosure of the impending sale of Lippo Bank at the time the CD was purchased constituted fraud; that First Bank fraudulently concealed the CD account information from Hsu or created a false story about where the funds might be; or that Jenny Smith, a First Bank employee, committed fraud by failing to provide Hsu with documents related to the CD within one hour of their conversation.

[2] While Hsu mentions attorney's fees, she articulates neither a basis for recovery of attorney's fees on the claim for compensatory damages nor an amount. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

will be due 7 days before the conference. The request for judicial notice is denied as moot.


       **IT IS SO ORDERED.**

Dated: September 29, 2020

                                                _____

VINCE CHHABRIA
United States District Judge